**UNITED STATES v. SMYTH et al.**

**UNITED STATES v. DOYLE et al.**

Nos. 33092–33095.

United States District Court
N. D. California, S. D.

Feb. 21, 1952.

See also 104 F.Supp. 283.

Chauncey Tramutolo, U. S. Atty., Robert B. McMillan, Asst. U. S. Atty., and Mack-

---

310

lin Fleming, Asst. U. S. Atty., all of San Francisco, Cal., Irvin Goldstein, Special Asst. to the U. S. Atty. Gen., for plaintiff.

Harold C. Faulkner (of Melvin, Faulkner, Sheehan & Wiseman), and Joseph L. Alioto, all of San Francisco, Cal., for defendants.

JAMES ALGER FEE, Chief Judge of the District of Oregon, sitting by special assignment.

Each of the present indictments probably states a crime. Before making a positive ruling upon the subject, I would wish further opportunity to consider them thoroughly.

In my opinion at present, they do not clearly advise any defendant of the crime of which he is charged. This arises largely because of the conflicting allegations of the various counts and the confused verbiage.

It is possible that, with great labor and effort, the court could develop the position of the government so that the defendants would be advised. However, I think it should not be done unless imperatively required.

The court will therefore hold under advisement and in abeyance rulings upon the motions to dismiss and the motions for bill of particulars. The court therefore refers back the whole field of investigation to Chief Judge Roche, with the request that the court, under its rules, draw a new grand jury and that this whole field of investigation be submitted to that grand jury. The court requests that the grand jury investigating these subjects be under the control of one judge from its drawing through to its discharge. Since I will have the responsibility for trying these cases upon the present indictments or others, if they should be returned, I further request that the grand jurors, attorneys and other agents and officers of the court be instructed to preserve inviolate the obligation of secrecy, and that any breaches thereof be considered for punishment. This, in my opinion, is required in order that a trial may be fair and impartial.